```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

HUBERT VAN GENT,                )
                                )
        Plaintiff,              )
                                )       No. 4:08CV00959 FRB
                                )
     v.                         )
                                )
                                )
SAINT LOUIS COUNTRY CLUB,       )
JAMES M. SNOWDEN, JR., DAVID    )
WELLS, A.G. EDWARDS & SONS,     )
INC., WACHOVIA SECURITIES,      )
L.L.C., and WILLIAM S.          )
SIMPSON, JR.,                   )
                                )
        Defendants.             )

**MEMORANDUM AND ORDER**

Presently before this Court is St. Louis Country Club's ("defendant") Motion for More Definite Statement as to Count I of Plaintiff's First Amended Complaint (Docket No. 24/filed November 20, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the instant Motion, defendant challenges Count I of plaintiff Hubert Van Gent's ("plaintiff") First Amended Complaint, alleging that the allegations therein are so vague and ambiguous as to the alleged wrongdoing by defendant that defendant cannot reasonably prepare a response.

Examination of plaintiff's First Amended Complaint

-1-

reveals the instant motion to be well-founded. In addition, plaintiff offers no objection. In fact, on March 3, 2009, plaintiff filed a document he titled "Plaintiff's Response to Defendants' Memorandum Concerning Pending Motions," wherein he stated that he expected to "either resolve Count I of the Complaint or provide a more definite statement, as requested by Defendants, within the next seven (7) days." (Docket No. 37.) To date, however, plaintiff has filed nothing.

Examination of Count I of plaintiff's First Amended Complaint reveals that it lacks sufficient specificity to provide adequate notice as required by Rule 8 of the Federal Rules of Civil Procedure. As defendant notes, plaintiff fails to specify what terms of the Deferred Compensation Plan defendant violated; what benefits should be restored; and the nature of the dispute with respect to the Deferred Compensation Plan. Such omissions render Count I so vague and ambiguous that it is unanswerable. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514, (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.")

Therefore,

**IT IS HEREBY ORDERED** that defendant's Motion for More Definite Statement as to Count I of Plaintiff's First Amended Complaint (Docket No. 24) is **GRANTED.**

```
                                   _____
                                   Frederick R. Buckles
                                   UNITED STATES MAGISTRATE JUDGE
```

Dated this 29th day of September, 2009.