UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HUBERT VAN GENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SAINT LOUIS COUNTRY CLUB, )<br>JAMES M. SNOWDEN, JR., DAVID )<br>WELLS, A.G. EDWARDS & SONS, )<br>INC., WACHOVIA SECURITIES, )<br>L.L.C., and WILLIAM S. )<br>SIMPSON, JR., )<br>)<br>Defendants. ) | No. 4:08CV00959 FRB |

**MEMORANDUM AND ORDER**

Presently before this Court is the Motion of defendants Wachovia Securities, L.L.C. ("Wachovia"), A.G. Edwards & Sons, Inc. ("A.G. Edwards") and William S. Simpson, Jr. (collectively the "Wachovia defendants") to Compel Arbitration and Stay or Dismiss Proceedings. (Docket No. 32/filed November 20, 2008.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Hubert Van Gent ("plaintiff"), formerly an employee of defendant St. Louis Country Club, filed the instant suit alleging various claims against all defendants arising from an employment-related Deferred Compensation Plan ("Plan"). The Wachovia defendants allege, and plaintiff does not dispute, that

-1-

the Plan used an A.G. Edwards Deferred Compensation Account, number 15-383-933/18, pursuant to which plaintiff executed a Customer's Agreement on or about May 8, 1987. (Docket Nos. 32-2 through 32-4.) The Customer's Agreement includes an arbitration provision which provides in relevant part:

> <u>ANY CONTROVERSY BETWEEN THE UNDERSIGNED AND EDWARDS OR ANY OF EDWARDS' OFFICERS, DIRECTORS, AGENTS OR EMPLOYEES ARISING OUT OF THIS AGREEMENT OR THE PERFORMANCE OR BREACH OF THIS AGREEMENT, OR ANY ACCOUNT WITH EDWARDS, OR ANY TRANSACTION BY THE UNDERSIGNED WITH OR THROUGH EDWARDS, OR ANY OTHER CAUSE WHATSOEVER, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE APPLICABLE STATE OR FEDERAL ARBITRATION STATUTES</u> and in accordance with the rules of the National Association of Securities Dealers, Inc. or such securities exchange as the undersigned may elect.

(Docket No. 32-4 at 2.)[1]

The Wachovia defendants further allege, and plaintiff does not dispute, that plaintiff also executed a Commodity - Customer's Agreement in connection with the Deferred Compensation Account, which included an identical arbitration provision. (Docket No. 32-5 at 2.)

The Wachovia defendants further allege, and plaintiff does not dispute, that plaintiff also opened an individual Option Account, number 15-407-026/18, with A.G. Edwards, pursuant to which he executed an Option Account Agreement on May 23, 1991. (Docket

---

[1]This section also contains a disclaimer that the arbitration agreement may be inapplicable to controversies with a "public customer." Plaintiff, however, is a private individual.

No. 32, Exhibit E.)  This Option Account Agreement also contained a valid arbitration provision that provided in relevant part as follows:

> The following disclosure is required by various regulatory bodies but shall not limit the applicability of the following arbitration provision to any controversy or claim or issue in any controversy or claim which may arise between me and Edwards:
>
> (a) ARBITRATION IS FINAL AND BINDING ON THE PARTIES.
>
> (b) THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.
>
> (c) PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.
>
> (d) THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.
>
> (c) THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.
>
> I agree and, by carrying any account for me Edwards agrees that all controversies between me and Edwards or any of Edwards' present or former officers, directors, agents or employees which may arise for any cause whatsoever, shall be determined by arbitration.
>
> (Docket No. 32-6 at 2.)

In October of 2007, A.G. Edwards merged with Wachovia. Defendant Simpson was employed as an investment broker for A.G. Edwards, and maintains the same position with Wachovia.

-3-

In the instant motion, the Wachovia defendants move to compel arbitration and stay the proceedings as they relate to plaintiff's case against them. The Wachovia defendants argue that the contracts plaintiff executed pertaining to the Plan contained valid arbitration agreements requiring that any and all controversies between plaintiff and the Wachovia defendants be arbitrated. The Wachovia defendants further submit that Section 3 of the FAA authorizes that plaintiff's claims against them be stayed pending arbitration.

On March 3, 2009, plaintiff filed a document he titled "Plaintiff's Response to Defendants' Memorandum Concerning Pending Motions," but addressed none of the issues related to the instant motion. See (Docket No. 37.) Instead, plaintiff wrote that he did not expect to contest all of the portions of the pending motions. Id. Although plaintiff also indicated that he planned to file a response to portions he did wish to contest, to date, plaintiff has filed nothing. See Id.

"The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. declares a liberal federal policy favoring arbitration agreements." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). In assessing whether a dispute is subject to arbitration, this Court is required to determine "whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680

(8th Cir. 2001).  Under the FAA, questions regarding arbitrability should be resolved in favor of arbitration.  <u>Moses H. Cone Memorial Hosp. v. Memorial Const. Corp.</u>, 460 U.S. 1, 24-25 (1983).

State contract law governs whether the arbitration agreement is valid.  <u>Lyster</u>, 239 F.3d at 946; <u>see</u> <u>also</u> <u>Keymer v. Mgmt. Recruiters Intern., Inc.</u>, 169 F.3d 501, 504 (8th Cir. 1999). Missouri recognizes that the basic elements of a contract are offer, acceptance, and consideration.  <u>Citibank (South Dakota), N.A. v. Wilson</u>, 160 S.W.3d 810, 813 (Mo. Ct. App. 2005).  Mutuality of agreement, or a "meeting of the minds" between the parties regarding the essential terms of the contract, is required. <u>Ketcherside v. McLane</u>, 118 S.W.3d 631, 635 (Mo. Ct. App. 2003).  To determine whether there has been a meeting of the minds, courts look to the parties' intentions, as expressed by their words or acts.  <u>Smith v. Hammons</u>, 63 S.W.3d 320, 325 (Mo. Ct. App. 2002).

In this case, plaintiff has presented no argument regarding the validity of the contracts at issue, or related to the validity of the arbitration agreements.  The plain language of the contracts demonstrates that there was a bargained-for-agreement, inasmuch as, in consideration for A.G. Edwards' accepting the accounts, plaintiff agreed to, <u>inter alia</u>, arbitrate all disputes arising therefrom.  <u>See</u> <u>Swain v. Auto Services</u>, 128 S.W.3d 103, 108 (Mo. Ct. App. 2003) ("An agreement choosing arbitration over litigation, even between parties of unequal bargaining power, is not unconscionably unfair.")  It is further undisputed that

plaintiff's claims against the Wachovia defendants arise from the accounts. In his First Amended Complaint, plaintiff alleges that the Wachovia defendants committed several acts of "brokerage violations," all of which are related to their handling of the accounts at issue herein. The undersigned therefore determines that the arbitration provisions related to plaintiff's accounts are valid and enforceable, and the claims plaintiff raises against the Wachovia defendants are within the scope of the arbitration provisions. These defendants are therefore entitled to an order compelling the arbitration of plaintiff's claims against them.

Defendants also move this Court to stay the proceedings as to plaintiff's claims against the Wachovia defendants.[2] Plaintiff offers no contrary argument. As defendants correctly note, Section 3 of the FAA provides that when claims are properly referable to arbitration, upon application of one of the parties, the court shall stay the trial of the action until such arbitration has been had. 9 U.S.C. § 3. Inasmuch as plaintiff's claims against the Wachovia defendants are properly referable to arbitration, and inasmuch as the Wachovia defendants have requested a stay, this Court shall stay the proceedings as to plaintiff's claims against the Wachovia defendants. See 9 U.S.C. § 3.

Finally, the Wachovia defendants request that this Court enter an order granting them attorney's fees and costs in bringing

---

[2]Neither the Wachovia defendants, nor the remaining defendants, have moved this Court to stay these proceedings in their entirety.

the instant motion, stating only that plaintiff failed to arbitrate his claims despite the clear arbitration provisions. The request shall be denied.

The well-settled "American rule" on the payment of attorneys' fees in federal litigation is that, in the absence of a statute or an enforceable contract, each party is responsible for his or her own fees. <u>Actors' Equity Ass'n v. American Dinner Theatre Institute</u>, 802 F.2d 1038, 1041 (8th Cir. 1986) (citing <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247, 257 (1975)). An exception, however, exists and authorizes a federal court to award attorneys' fees to the prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Actors' Equity Ass'n</u>, 802 F.2d at 1041 (citing <u>Alyeska Pipeline Service Co.</u>, 421 U.S. at 258-59). Defendants herein make no such allegations, and the instant record does not support such findings. Defendants' request for attorney's fees shall therefore be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Wachovia defendants' Motion to Compel Arbitration (Docket No. 32/filed November 20, 2008) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendants' Motion shall be granted to the extent they request that this Court compel arbitration, and stay these proceedings pending arbitration.

**IT IS FURTHER ORDERED** that defendants' Motion shall be **DENIED** to the extent they request attorney's fees and costs in prosecuting the instant Motion.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2009.