UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HUBERT VAN GENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08CV00959 FRB |
| ) | |
| v. ) | |
| ) | |
| ) | |
| SAINT LOUIS COUNTRY CLUB, ) | |
| JAMES M. SNOWDEN, JR., DAVID ) | |
| WELLS, A.G. EDWARDS & SONS, ) | |
| INC., WACHOVIA SECURITIES, ) | |
| L.L.C., and WILLIAM S. ) | |
| SIMPSON, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before this Court is the motion of St. Louis Country Club ("SLCC"), James. M. Snowden, Jr., and David Q. Wells (collectively "defendants") to Strike Plaintiff's Jury Demand. (Docket No. 28/filed November 20, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Hubert Van Gent ("plaintiff") filed this suit alleging various claims against all defendants arising from what the parties do not dispute are employment-related plans governed by the Employee Retirement Income Security Act of 1974, 20 U.S.C. § 1001 et seq. ("ERISA"). In the instant motion, defendants move to strike plaintiff's jury demand because jury trials are unavailable

-1-

under ERISA.

Plaintiff has filed no response addressing the instant motion. On March 3, 2009, plaintiff filed a document titled "Plaintiff's Response to Defendants' Memorandum Concerning Pending Motions," wherein he wrote that he did not expect to contest all of the portions of the motions pending in this matter, but wished an extension of time to file a response to portions he did wish to contest. (Docket No. 37.) To date, however, plaintiff has provided no argument regarding why the instant motion should not be granted.

With the exception of Counts VI and VII, plaintiff alleged all of the claims in his First Amended Complaint under ERISA. While plaintiff alleged two state law claims against defendants in Counts VI and VII, this Court previously found that those claims were preempted by ERISA. With respect to Count VIII, this Court has previously granted the motion of defendants Wachovia Securities, L.L.C., A.G. Edwards, and William S. Simpson, Jr. to compel arbitration, and stayed the proceedings as they relate to those defendants. As a result, the only claims now pending before this Court are subject to ERISA and, as defendants correctly note, there is no right to trial by jury under ERISA. Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999) (citing Houghton v. SIPCO, Inc., 38 F.3d 953, 957 (8th Cir. 1994)); In re Vorpahl, 695 F.2d 318, 321-22 (8th Cir. 1982).

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Strike Plaintiff's Jury Demand (Docket No. 28) is **GRANTED.**

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2009.