UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HUBERT VAN GENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08CV00959 FRB |
| ) | |
| v. ) | |
| ) | |
| ) | |
| SAINT LOUIS COUNTRY CLUB, ) | |
| JAMES M. SNOWDEN, JR., DAVID ) | |
| WELLS, A.G. EDWARDS & SONS, ) | |
| INC., WACHOVIA SECURITIES, ) | |
| L.L.C., and WILLIAM S. ) | |
| SIMPSON, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before this Court is the motion of St. Louis Country Club ("SLCC"), James. M. Snowden, Jr., and David Q. Wells (collectively "defendants") to Dismiss Counts III through VII of Plaintiff's First Amended Complaint (Docket No. 26/filed November 20, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Hubert Van Gent ("plaintiff") filed this suit alleging various claims against all defendants arising from an employment-related Deferred Compensation Plan ("Plan"). The relevant facts, alleged in plaintiff's Complaint and taken as true, are as follows.

Plaintiff is a former employee of SLCC. In 1984, he and SLCC executed an Employment Agreement which contained a Deferred Compensation Plan (also "Plan"), which the parties do not dispute is governed by the Employee Retirement Income Security Act of 1974, 20 U.S.C. § 1001 et seq. ("ERISA"). SLCC was the Plan Administrator, and plaintiff was a participant. Pursuant to the Plan, SLCC established, on or about August 8, 1984, a deferred compensation account (also "account") for plaintiff. The Plan provided that SLCC was to contribute $2,166.67 monthly to the account, and was also to credit it with any income it earned, and charge it for any quarterly losses. The account was originally established at A.G. Edwards through defendant William S. Simpson, Jr., as broker. The account is now held by defendant Wachovia Securities ("Wachovia"), with Mr. Simpson still serving as broker.[1] The Employment Agreement provided that SLCC had the authority to invest the account at its discretion (although the employee was free to suggest investments), and retain ownership of the account.

Plaintiff alleges that, from 1989 through 2004, the account incurred excessive margin account interest. On or about September 8, 2005, the account was liquidated and transferred to the SLCC Deferred Compensation Trust ("Trust"), established to hold assets to pay benefits due participants under the Plan and the Employment Agreement. Defendants Snowden and Wells are the current

---

[1] In October 2007, Wachovia succeeded to all assets and liabilities of A.G. Edwards.

trustees of the Trust.  Upon transfer of the account to the Trust, SLCC informed plaintiff that the account's value was $219,124.40. Plaintiff alleges that, pursuant to the Employment Agreement, contributions of $548,167.51 should have been credited to the account by SLCC, whether or not actually contributed, plus any applicable gains and less any losses.

In his eight-count First Amended Complaint, plaintiff essentially alleges that defendants failed to make appropriate monthly contributions to the account, and failed to manage the account in his best interests.  Plaintiff's specific allegations are as follows:

In Counts I and II, plaintiff proceeds under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover, from SLCC, benefits due under the Deferred Compensation Plan (Count I) and the deferred compensation portion of the Employment Agreement (Count II).  In both counts, plaintiff alleges that SLCC failed to provide him the promised benefit, and failed to follow the terms of the Plan documents.

In Count III, plaintiff alleges, pursuant to 29 U.S.C. § 1132(a)(2), that SLCC and defendants Snowden and "Kelly B. Sullivan"[2] breached their fiduciary duties with respect to the account.  In Count IV, plaintiff, proceeding under 29 U.S.C. §

---

[2]In Paragraph 60 of his First Amended Complaint, plaintiff identifies "Kelly B. Sullivan" as a former trustee and as a defendant.  However, this individual's name does not appear in the caption of the Complaint as a named defendant, nor does this individual's name appear in the portion of the Complaint purporting to identify the parties.

-3-

1140, alleges "interference with protected rights," inasmuch as "defendants" discriminated against him for exercising his rights to the benefits. In Count V, plaintiff alleges that he was denied requested information, in violation of 29 U.S.C. § 1024.[3] In Count VI, plaintiff alleges a breach of his employment agreement, inasmuch as $2,166.67 and relevant gains were not credited monthly to his account as required. Finally, in Count VII, plaintiff alleges fraudulent misrepresentation, inasmuch as SLCC's "officers" failed to exercise supervisory authority over the Plans, and instead ceded authority to Defendant Simpson and concealed these fiduciary breaches from plaintiff.[4]

In the instant motion to dismiss, defendants argue that Count III is improperly duplicative of Counts I and II, inasmuch as plaintiff cannot simultaneously allege a claim under 29 U.S.C. § 1132(a)(1)(B) for denial of plan benefits, and a claim for breach of fiduciary duty. Defendants allege that Count IV should be dismissed because plaintiff failed to plead exhaustion of administrative remedies, as required by 29 U.S.C. § 1140. Defendants argue that Count V should be dismissed because plaintiff failed to specify that he had made a written request for information. Finally, defendants argue that Counts VI and VII are

---

[3]Plaintiff does not specify the defendants against whom he is alleging his claims in Counts IV, V, or VI, although it appears that Count VI is alleged against SLCC.

[4]Count VIII, alleging brokerage violations, is directed at defendants Wachovia, A.G. Edwards, and William Simpson, and is not at issue in the instant motion.

-4-

preempted by ERISA, inasmuch as they relate to the ERISA-governed Plan.

Plaintiff has filed no response addressing the issues raised in the instant motion. On March 3, 2009, plaintiff filed a document titled "Plaintiff's Response to Defendants' Memorandum Concerning Pending Motions," wherein he wrote that he did not expect to contest all of the portions of the pending motions, but wished an extension of time to file a response to portions he did wish to contest. (Docket No. 37.) To date, however, plaintiff has provided no argument regarding why Counts III through VII of his Complaint should not be dismissed.

## I. Legal Analysis

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). The Court must also "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)

A motion to dismiss may be granted if the Complaint contains insufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under Bell

Atlantic, it is understood that complainants are obliged to provide the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. While a plaintiff is not required to provide specific facts in support of their allegations, they must include sufficient factual information to provide the grounds on which his or her claim rests, and to raise a right to relief "above the speculative level." Id. Finally, while Bell Atlantic may have abrogated the "no set of facts" language, it did not change the requirement that "when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

With the foregoing standard in mind, the undersigned now considers the instant motion to dismiss Counts III through VII of plaintiff's First Amended Complaint.

    A.    Count III

In Count III, titled "Relief Under 29 U.S.C. § 1132(a)(2) Against All Defendants," plaintiff alleges a claim "for appropriate relief under 29 U.S.C. Section 1109" for breach of fiduciary duty. (Docket No. 15 at 12.) Although plaintiff indicates in the heading of Count III that he is bringing Count III against all defendants, he names only SLCC and defendant Snowden in the allegations. He also refers to "Kelly B. Sullivan."[5] Plaintiff describes the

---

[5] See footnote 2.

alleged fiduciary violations as SLCC's failure to properly invest the account; failing to act solely in the interest of the participants and beneficiaries; and the failure of defendant Snowden and of Sullivan[6] to require the account to be restored prior to accepting its transfer into the Trust. Plaintiff prays for relief as follows:

> By reason of the foregoing, Plaintiff is entitled to (A) an injunction precluding Defendants from committing further breaches of fiduciary duty; (B) restoration of all amounts due to the Deferred Compensation Plan and the deferred compensation portion of the Employment Agreement as a result of Defendants' breaches of fiduciary duty; and (C) other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Deferred Compensation plan and deferred compensation portion of the Employment Agreement.

(Docket No. 15 at 14.)

Because plaintiff is actually seeking a remedy that is not authorized under the civil enforcement provision of ERISA he cites, Count III shall be dismissed. While 29 U.S.C. § 1132(a)(2) allows a participant, like plaintiff, to bring a cause of action against any fiduciary who violates 29 U.S.C. § 1109, Section 1109 authorizes recovery only by the plan as an entity, and does not provide a remedy for individual beneficiaries. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 139-44 (1985). In his prayer for relief, plaintiff clearly seeks relief for himself

---

[6]See footnote 2.

personally, inasmuch as he states "[P]laintiff is entitled to" in advance of the remedies he lists. (Docket No. 15 at 14.)

Even ignoring the fact that plaintiff seeks relief that cannot be granted under § 1132(a)(2), plaintiff's claim in Count III would not state a claim for which relief could be granted because he has not pled the type of pattern or practice which would support granting the plan-wide relief authorized by § 1132(a)(2). See Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (beneficiary of ERISA plan who failed to show either how requested relief would remedy harms allegedly suffered, or evidence of a pattern or practice of fiduciary violations requiring reform, could not maintain an action on behalf of the plan under 29 U.S.C. § 1132(a)(2)). The undersigned therefore concludes that, in Count III, plaintiff has not stated a claim for which relief can be granted.[7]

---

[7] In their well-written brief, defendants argue, citing several cases, that Count III should be dismissed because it is improperly duplicative of Counts I and II. Although defendants correctly argue that courts have repeatedly held that plaintiffs are generally precluded from simultaneously maintaining causes of action under both §§ 1132(a)(1)(B) and 1132(a)(3), Count III of the instant case seeks to bring a claim under § 1132(a)(2), not § 1132(a)(3). While both sections authorize claims for breaches of fiduciary duty, they are not identical, and defendants ignore the distinction.

In Coyne & Delaney Co. v. Blue Cross & Blue Shield of VA., Inc., 102 F.3d 712, 714 (4th Cir. 1996), discussed by defendants, the Fourth Circuit addressed whether an employer/fiduciary could maintain an ERISA cause of action on behalf of an employee. Coyne, 102 F.3d 712. Citing Russell, 473 U.S. 134, the Fourth Circuit noted that § 1132(a)(2) authorized relief only for the plan as a whole, not the individual participant or beneficiary. Id. at 714. The Coyne court went on to find, inter alia, that the employer/fiduciary was not authorized to bring suit seeking benefits on the employee's behalf, and that claims could not be simultaneously maintained under §§ 1132(a)(1)(B) and 1132(a)(3). Id. at 715-16.

Similarly, in Geissal v. Moore Medical Corp., 338 F.3d 926, 933 (8th Cir. 2003), also discussed by defendants, the Eighth Circuit held that, where a plaintiff is provided adequate relief by a right to bring a claim for benefits under § 1132(a)(1)(B), the plaintiff does not have a cause of action under 1132(a)(3). Id. Geissal did not address § 1132(a)(2). See Id.

B. <u>Count IV</u>

In Count IV, plaintiff, proceeding under 29 U.S.C. § 1140, alleges "interference with protected rights." (Docket No. 15 at 14.) Plaintiff alleges as follows:

> 66. "Defendants discriminated against Plaintiff for exercising his rights to the benefits under the Deferred Compensation Plan and the deferred compensation portions of the Employment Agreement, <u>inter</u> <u>alia</u>, in the following ways:
>
> a. Defendants failed and refused to make its [<u>sic</u>] contribution due in 2007 to a separate pension plan to which Plaintiff was a participant;
>
> b. Defendants failed and refused to release benefits under a separate "split-dollar agreement to which Plaintiff was the beneficiary; [<u>sic</u>]
>
> c. Defendants failed and refused to make timely benefit payments under the Deferred Compensation Plan and the deferred compensation portions of the Employment Agreement by commingling the accounts under said plans.
>
> 65.[8] Defendants thusly violated 29 U.S.C. Section 1140, and Plaintiff is entitled to injunctive relief and to be compensated for his damages resulting from the violations.
>
> (Docket No. 15 at 15.)

Because plaintiff failed to plead the requisite causal connection between his exercise of his protected rights and the

---

[8]Plaintiff assigned numbers in descending sequence to the paragraphs included in this quoted passage.

allegedly adverse employment action, Count IV shall be dismissed.[9]

ERISA's civil enforcement provision authorizes participants and beneficiaries to bring suit for violation of 29 U.S.C. § 1140, under which it is unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. To establish a prima facie case of deliberate interference with protected rights, "a plaintiff must demonstrate the existence of a causal connection between participation in a statutorily protected activity and an adverse employment action." Kinkead v. Southwestern Bell Telephone Co., 49 F.3d 454, 456 (8th Cir. 1995). "This connection may be based upon circumstantial evidence regarding the employer's intent, such as proof that a discharge followed an exercise of protected rights so closely in time as to justify an inference of retaliatory motive."

---

[9] Defendants, citing Burds v. Union Pacific Corp., 223 F.3d 814, 817 (8th Cir. 2000), argue that plaintiff's claim in Count IV should be dismissed due to plaintiff's failure to plead exhaustion of administrative remedies, inasmuch as resolution of the issue turns on an interpretation of the ERISA benefits plan at issue. In Burds, however, while the Eighth Circuit indeed held that the district court did not abuse its discretion in dismissing for failure to exhaust administrative remedies when interpretation of the ERISA plan was required, the Eighth Circuit also wrote that it was limiting its holding to the facts and circumstances of that case. The Court wrote: "We do not reach the question of whether exhaustion of administrative remedies is required in every case where the plaintiff is asserting a [§ 1140] violation. We simply hold that in the facts and circumstances of this case, the district court committed no error in dismissing [the plaintiffs'§ 1140] claims without prejudice and requiring them to exhaust their administrative remedies before seeking court relief." Id. at 818. The Burds court had also noted that the ERISA plan at issue therein clearly required exhaustion of administrative remedies, and defendants herein do not argue that the plan at issue here contained such a requirement. Id. at 817. Because the undersigned concludes that Count IV should be dismissed on other grounds, however, resolution of this issue is unnecessary.

Id. (citing Rath, 978 F.2d at 1089-90).

In the case at bar, plaintiff alleges no facts allowing the inference of any nexus between the exercise of his protected rights, and the allegedly adverse employment actions. In Count IV, plaintiff states, in a conclusory fashion, that defendants discriminated against him for exercising his rights. Plaintiff then enumerates three vague circumstances in which defendants allegedly failed to deposit money on his behalf and/or release benefits, but offers nothing to demonstrate how the exercise of his protected rights was connected to the actions of which he complains. Because plaintiff failed to plead the existence of a causal connection between his protected rights and the allegedly adverse employment action, Count IV shall be dismissed.[10] See Kinkead, 49 F.3d at 456.

C. Count V

In Count V, titled "Claim for Failure to Provide Requested Information Under 29 U.S.C. Section 1024," plaintiff alleges as follows:

> 66. ERISA requires a Plan Administrator to provide participants with certain enumerated

---

[10] In addition, it is unclear from Count IV whether plaintiff is alleging that his employment relationship with SLCC actually changed in a negative way, or whether SLCC simply failed to honor its obligations regarding plaintiff's benefits. A claim for interference with protected rights requires a negative change in the employment relationship, not merely a change in the plan itself. See McGath v. Auto Body North Shore, Inc., 7 F.3d 665, 668 (7th Cir. 1993) ("[A] fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship, and not merely the pension plan, was changed in some discriminatory or wrongful way.")

-11-

> information upon request 20 U.S.C. Section 1024. [sic]
>
> 67. Defendants failed and refused to provide Plaintiff with certain financial information regarding his accounts under the Deferred Compensation Plan and the deferred compensation portion of the Employment Agreement, both while he was employed by Defendant Club and during the course of his exhaustion of his administrative remedies regarding the claims he has made above.
>
> 68. Plaintiff is entitled to his statutory remedies for Defendants' violation of his rights to information herein.

(Id. at 15-16.)

Defendants initially argue that § 1024(b)(4) requires requests for information to be in writing, a fact that plaintiff has failed to plead, and the claim in Count V must therefore be dismissed for failure to state a claim. For the following reasons, the undersigned agrees that plaintiff's claim in Count V shall be dismissed due to plaintiff's failure to plead that he ever affirmatively requested the information he claims was denied.

Section 1024(b) of Title 29 sets forth several requirements regarding what information plan administrators are required to furnish to beneficiaries and participants, and the circumstances under which such information must be furnished. Some of these duties are automatic, meaning that the administrator must furnish the information at certain intervals and upon the happening of certain events, regardless of whether a request has been made. Under 29 U.S.C. § 1024(b)(4), however, an administrator is required

to furnish to participants and beneficiaries certain enumerated information upon written request.

ERISA's civil enforcement provision provides two alternative ways for participants and beneficiaries to seek redress for the denial of information that ERISA requires an administrator to furnish. The relief obtainable under 29 U.S.C. § 1132(a)(3) is limited to that which is necessary to provide the participant or beneficiary with the information he is entitled to under ERISA. In Count V herein, however, plaintiff does not pray for such relief. Instead, he indicates that he is seeking "statutory remedies" due to the denial of "requested information." (Docket No. 15 at 15-16.) Statutory penalties for the denial of requested information are authorized by 29 U.S.C. § 1132(c), but only when an administrator fails or refuses to comply with a request for certain enumerated information within 30 days of such request. To state a claim for relief under 29 U.S.C. § 1132(c), a plaintiff must allege that he submitted "a request for ... information" which was ignored by defendants. 29 U.S.C. § 1132(c)(1)(B); <u>Rego v. Westvaco Corp.</u>, 319 F.3d 140, 149 (4th Cir. 2003) (citing <u>Hozier v. Midwest Fasteners, Inc.</u>, 908 F.2d 1155, 1167 (3d Cir. 1990)).

In the case at bar, plaintiff fails to state a claim for which relief can be granted because he fails to plead that he ever affirmatively requested the information he claims was denied. <u>See Id.</u> In addition, as defendants note, plaintiff also failed to specify exactly what information was unlawfully withheld, leaving

-13-

it uncertain whether it was actually within the scope of information ERISA requires a plan administrator to provide.

Because plaintiff failed to plead the necessary elements of a claim for statutory penalties under ERISA for failure to provide requested information, Count V shall be dismissed.

### D. Counts VI and VII

In Counts VI and VII, plaintiff alleges breach of his employment agreement and fraudulent misrepresentation, respectively. For his claim in Count VI, plaintiff alleges that "defendant," presumably SLCC, failed to properly credit his account, and therefore breached the employment agreement. In Count VII, plaintiff alleges that SLCC failed to exercise supervisory authority over the "plans." As defendants correctly assert, and as plaintiff does not challenge, plaintiff's claims in Counts VI and VII are preempted by ERISA, inasmuch as both counts allege state law claims that are related to the ERISA-governed Plan at issue herein. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98-99 (1983); see also Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005).

In accordance with Slice v. Norway, 978 F.2d 1045, 1047 (8th Cir. 1992), the undersigned has considered whether plaintiff's allegations in Counts VI and VII state claims for relief under ERISA or federal common law. Having so considered, the undersigned determines that plaintiff's allegations in Count VI state the same

claims he asserts in Count I. The undersigned therefore concludes that Count VI is preempted by ERISA and, inasmuch as the claims asserted therein are also asserted herein under ERISA, Count VI is dismissed.

In Count VII, plaintiff asserts that SLCC committed and concealed fiduciary violations with respect to the Plan at issue. Construing the allegations in Count VII in plaintiff's favor, the undersigned concludes that they may state a claim for breach of fiduciary duty under ERISA. Board of Trustees v. Continental Assur. Co., 690 F.Supp. 792, 795 (W.D. Ark. 1988) (allegations underlying breach-of-contract, breach of fiduciary duty, and negligence claims state claim under ERISA for breach of fiduciary duty).

Therefore, this Court finds that Count VII is preempted by ERISA, but declines to dismiss the allegations therein, inasmuch as they appear to state a claim under ERISA that is plausible on its face. See Bell Atlantic Corp., 550 U.S. 544.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Counts III - VII of Plaintiff's First Amended Complaint (Docket No. 26) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Counts III through VI of plaintiff's First Amended Complaint is

**GRANTED.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Count VII is **DENIED** to the extent that, while Count VII is preempted by ERISA, the claims asserted therein are not subject to dismissal, inasmuch as they may state a claim under ERISA that is plausible on its face.

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2009.