```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MISSOURI
                   EASTERN DIVISION
```

| | |
|---|---|
| HUBERT VAN GENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:08CV959 FRB |
| | ) |
| SAINT LOUIS COUNTRY CLUB, | ) |
| et al,, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is the Motion To Dismiss Count IX Of Plaintiff's Second Amended Complaint (Docket No. 81) filed by defendants J. Rodney Bryan, Lucien R. Fouke, John R. Roberts, Timothy N. Ewing, Frederick O. Hanser, Spencer B. Burke, Joseph F. Imbs, and James L. Mather (herein "Individual Defendants"). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the instant Motion, the Individual Defendants seek dismissal of Count IX of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 4.1(A), arguing that Plaintiff's claim in Count IX is related to Employee Benefit Plans that are undisputedly governed by the Employee Retirement Income Security Act of 1974, 20 U.S.C. § 1001 et seq. ("ERISA"), and is therefore preempted. In Count IX, Plaintiff alleges that the Individual Defendants engaged in a fraudulent conspiracy with regard to the administration of the

- 1 -

deferred compensation portion of the Employment Agreement, and the Deferred Compensation Plan, both of which Plaintiff agrees are governed by ERISA.  Plaintiff alleges that, as a result of the Individual Defendants' fraudulent conspiracy, Plaintiff did not receive the full funds to which he was entitled upon his retirement.

Plaintiff responded to the instant Motion, stating that although he believed that the Individual Defendants' arguments were "faulty," he wished to withdraw Count IX of his Second Amended Complaint.  (Docket No. 85 at page 2).  Plaintiff also stated that he intended to move for leave of Court to file a Third Amended Complaint, but offered no further explanation.  In reply, the Individual Defendants objected to Plaintiff's stated intention to move for leave of court to file yet another amended pleading, noting that this case has been pending for over two years due to the fact that Plaintiff has repeatedly amended his Complaint, resulting in a waste of time and resources of both the defense and this Court.  The Individual Defendants asked this Court to deny any future leave to amend, and to order Plaintiff and his attorney to show cause why their conduct did not violate Rule 11 of the Federal Rules of Civil Procedure.  In a footnote, the Individual Defendants indicated that they stipulated to the dismissal of Count IX.

This Court subsequently ordered Plaintiff to respond to the Individual Defendants' substantive arguments.  (Docket No. 87).  Plaintiff filed a supplemental response in which he stated that although he had withdrawn Count IX, he did not do so because

Count IX was preempted by ERISA, stating that the claims therein were only tangentially related to the administration of the Plans at issue, and the actions claimed caused harm separate from the claims alleged in the ERISA counts. Plaintiff indicated that he opposed the Individual Defendants' request for attorney's fees, and also asked that this Court "hold in abeyance the possibility that Plaintiff be permitted to file a Third Amended Complaint at the appropriate time." (Docket No. 89 at page 10). In response, the Individual Defendants again argued that Count IX was subject to dismissal because it was preempted by ERISA, and requested that this Court deny Plaintiff's request to amend his Complaint in the future; award them attorney's fees and costs; and dismiss Count IX with prejudice. (Docket No. 90).

Given the current posture of this case, Plaintiff may voluntarily dismiss Count IX without a Court order by filing the proper stipulation of dismissal as required by Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. However, neither Plaintiff nor the Individual Defendants have filed, or indicated an intent to file, a stipulation of dismissal that complies with that Rule. Moreover, while Plaintiff has stated that he wishes to "withdraw" Count IX, he does not cite Rule 41 or use the terminology therefrom, nor does he indicate that such "withdrawal" should be with or without prejudice, leaving the Court uncertain of Plaintiff's actual intention. Due to this confusion and the parties' failure to comply with Rule 41(a)(1)(A)(ii), the undersigned declines to dismiss Count IX pursuant to Rule

41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows an action to be dismissed at a plaintiff's request only by court order, on terms that the court considers proper. The district court may permit such dismissal in its own discretion, <u>Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.</u>, 198 F.3d 685, 689 (8th Cir. 1999), but in exercising such discretion, should consider the following: (1) whether the plaintiff has properly explained its desire to dismiss; (2) whether dismissal would result in a waste of judicial time and effort; (3) whether the defendant would suffer prejudice by dismissal; and (4) whether the dismissal is sought to avoid an adverse decision or seek a more favorable forum. <u>Hamm v. Rhone-Poulenc Rorer Pharm., Inc.</u>, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted).

All four of the above factors suggest that this Court should not exercise its discretion to allow Plaintiff to voluntarily dismiss Count IX. First, however, the undersigned notes that Plaintiff offered no explanation for why he wishes to "withdraw" Count IX and, as stated above, does not cite Rule 41 or use the terminology therefrom, leaving the undersigned unsure of whether Plaintiff is even asking for dismissal pursuant thereto. Nevertheless, turning to the factors enumerated above, the fact that Plaintiff expressed his desire to withdraw Count IX after the Individual Defendants filed the instant Motion indicates that Plaintiff is doing so because he anticipates an unfavorable ruling. In addition, given the Individual Defendants' pending motion, the

lack of any clear explanation from Plaintiff regarding how he may amend his Complaint, and considering the manner in which Plaintiff has prosecuted his case thus far, it would appear that allowing Plaintiff to dismiss Count IX would result in a waste of judicial resources.  Plaintiff has repeatedly amended his Complaint, adding and removing defendants and making repeated attempts to assert state law claims apparently without considering whether they are preempted by ERISA.  It is also quite apparent that allowing Plaintiff to dismiss Count IX and amend his Complaint in some unknown manner at a later date would prejudice the Individual Defendants, inasmuch as they have already devoted significant efforts in filing the instant motion and memorandum in support, and pleadings in reply to Plaintiff's responses.

For all of the foregoing reasons, although the undersigned recognizes that Plaintiff has requested to "withdraw" Count IX, the undersigned declines to dismiss Count IX pursuant to Rule 41 of the Federal Rules of Civil Procedure, and will now consider the instant Motion To Dismiss.

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim.  A claim must be dismissed under Rule 12(b)(6) if

it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555-56 & n. 3).

As the Individual Defendants correctly assert, Count IX is preempted by ERISA. As this Court has already held in this case, ERISA preempts state law claims that are related to ERISA-governed Plans. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98-99 (1983); see also Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005). The Supreme Court of the United States has held that a law "relates to" an ERISA-governed employee benefit plan for purposes of the preemption clause "if it has connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). The undersigned recognizes, as Plaintiff asserts, that ERISA preemption is not unlimited. Id. at 100 (some

state actions may affect an ERISA-governed Plan in a too remote, tenuous or peripheral manner to warrant a finding that the law "relates to" the Plan.)  However, a state law cause of action is expressly preempted by ERISA where a plaintiff must, as in this case, prove the existence of, or specific terms of, an ERISA plan in order to prevail.  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142 (1990).

   The undersigned is not persuaded by Plaintiff's argument that his claim in Count IX may not be preempted because it is "only tangentially" related to the administration of the Plans at issue, and that the actions caused harm separate from that alleged in his ERISA counts.  For his state law civil conspiracy claim in Count IX, Plaintiff alleges that the Individual Defendants engaged in wrongdoing that was related to transactions, administration, and funding that was contrary to the terms of the Plans, caused diminution in value of the Plans, and adversely affected the amount of money Plaintiff should have received pursuant to those Plans. Plaintiff's claim in Count IX is based upon the ERISA-governed Plans themselves, the proper administration thereof, whether they were in fact administered properly, and the manner in which such administration affected Plaintiff's entitlement to receive benefits pursuant to the Plans.  A finding that Count IX is not preempted by ERISA would "undercut the goal of uniform national regulation in the manner that section 514(a) seeks to prevent." Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1219 (5th Cir. 1992) (finding that a state law civil conspiracy claim, when related to an ERISA plan,

was preempted by ERISA).

Plaintiff suggests that Count IX is not preempted because the Individual Defendants did not themselves administer the Plans and their actions only related to the Count I through Count VIII defendants. This suggestion is unavailing. As the Individual Defendants note, however artfully Plaintiff may attempt to characterize his claim does not change the fact that Count IX alleges that the Individual Defendants engaged in wrongdoing related to the administration and funding of the ERISA-governed Plans and which diminished the value thereof and adversely affected Plaintiff's ability to receive Plan benefits pursuant to Plan terms. Declining to find Count IX preempted would allow Plaintiff to circumvent the preemption provision of ERISA and threaten the objective of ERISA to provide uniform regulation of employee benefit plans. Similarly unavailing is Plaintiff's suggestion that the Individual Defendants caused separate harm above and beyond the harm alleged in Counts I through VIII. The assets allegedly affected were funds from ERISA-governed Plans, and Plaintiff's claim arises solely from the Plans. "That ERISA does not provide the full range of remedies available under state law in no way undermines ERISA preemption." Tolton v. Am. Biodyne, 48 F.3d 937, 943 (6th Cir. 1995).

ERISA's express preemption provision is "deliberately expansive, and designed to establish plan regulation as exclusively a federal concern." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). Plaintiff's claim in Count IX is preempted by ERISA and

should be dismissed.  Furthermore, due to Plaintiff's repeatedly expressed desire to "withdraw" Count IX instead of prosecute it, the undersigned finds it unnecessary to conduct further analysis.

Plaintiff asks that this Court "hold in abeyance the possibility that Plaintiff be permitted to file a Third Amended Complaint at the appropriate time."  (Docket No. 89 at page 10). Plaintiff is no longer able to amend his Complaint as a matter of course, Fed. R. Civ. P. 15(a)(1), and he has not filed a motion seeking leave of court to amend, Fed. R. Civ. P. 15(a)(2). Furthermore, Plaintiff has indicated only that he intends to seek leave to amend in the future, (Docket No. 85), and asked that this Court "hold in abeyance the possibility that [he] be permitted to file" a Third Amended Complaint at the appropriate time." (Docket No. 89 at page 10).  The undersigned declines to construe Plaintiff's statements as a motion for leave to amend and, as such, there is nothing for this Court to "hold in abeyance," and this Court declines Plaintiff's request to do so.  To be clear, at present, Plaintiff does not have leave of Court to file an amended Complaint, nor does this Court consider that there is a motion for leave to amend currently pending.  Finally, the Individual Defendants' request for an award of attorney's fees will be denied at this time.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion To Dismiss Count IX of Plaintiff's Second Amended Complaint (Docket No. 81) is granted

- 9 -

as provided herein.

      **IT IS FURTHER ORDERED** that Count IX of Plaintiff's Second Amended Complaint is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                           */s/ Frederick R. Buckles*
                            Frederick R. Buckles
                            UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2011.