UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUBERT VAN GENT,            )
                            )
        Plaintiff,           )
                            )
    v.                      ) Case No. 4:08CV959 FRB
                            )
SAINT LOUIS COUNTRY CLUB,   )
et al.,                     )
                            )
        Defendants.          )

**MEMORANDUM AND ORDER**

Presently before the Court is Defendant Stephen D. Lilly's Motion For Summary Judgment. (Docket No. 140). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The extensive factual background and procedural history of this case is familiar to the parties, has been recited in Memoranda and Orders previously filed by this court and on this date. Briefly, however, unless otherwise specified, the following facts are undisputed. This case is centered around two pension plans that are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.[1] ("ERISA"). Plaintiff Hubert Van Gent ("plaintiff") was employed by defendant Saint Louis Country Club ("SLCC") from 1976 until 2007. From 1984 to 2007, he held the position of General Manager, a high-ranking, well-compensated

---

[1] In its previously-filed Memorandum and Order, this Court determined that both plans are ERISA plans.

- 1 -

position. In February of 2009, defendant Stephen D. Lilly ("defendant" or "Lilly") became SLCC's treasurer and a member of SLCC's Governance, Finance and Benefits Committee. The parties agree that Lilly was not involved in SLCC governance or the administration of either of the plans at issue until February of 2009.

After receiving leave of court, plaintiff filed his nine-count Second Amended Complaint on December 22, 2010. Counts I through VIII allege claims pursuant to ERISA. Count IX, which alleged civil conspiracy against eight individual defendants, was dismissed upon the motion of those defendants on October 12, 2011. Lilly is a named defendant in Counts III through VII.

In Counts III through VI, plaintiff alleges that Lilly was a fiduciary of the Employment Agreement Plan and the Deferred Compensation Plan, and breached his fiduciary duties in various ways. In Count VII, plaintiff alleges that Lilly interfered with plaintiff's protected ERISA rights by withholding benefits and information, and by constructively discharging him from SLCC.

In January of 2012, plaintiff filed a motion for permission to obtain discovery which, following stipulation between the parties, was granted as to the following issues: whether the plans were top hat plans under ERISA, the manner in which plaintiff's employment relationship with SLCC ended, and the transfer of funds between certain accounts related to the two plans at issue. In its previously-filed Memorandum and Order, this Court

determined that both plans were top hat plans under ERISA.[2]

In support of the instant motion for summary judgment, Lilly argues that he is entitled to summary judgment as a matter of law on all of the counts asserted against him because he was not a member of SLCC management until February of 2009, before the alleged conduct forming the basis for Counts III through VII occurred. Regarding Counts III through VI (alleging various claims of breach of fiduciary duty), Lilly also argues that plaintiff's claims fail as a matter of law because both plans are top hat plans under ERISA and are therefore exempted from ERISA's fiduciary duty provisions. Lilly alternately argues that he was not a fiduciary of either plan. Regarding Count VII, Lilly argues that he could not have been part of the alleged discrimination/retaliation because he was not involved in SLCC governance until 2009, two years after plaintiff resigned. The parties agree that "Lilly had no involvement whatsoever in [plaintiff's] resignation of employment." (Docket No. 166 at 6).

In response to Lilly's motion for summary judgment, plaintiff focuses exclusively on Count III, and offers no response to Lilly's motion for summary judgment as it pertains to Counts IV through VII.

---

[2] A top hat plan is a plan that is unfunded, used by employers to provide "deferred compensation for a select group of management or highly compensated employees," and exempted from certain ERISA requirements that are relevant to plaintiff's claims in the case at bar. 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a); see also Emenegger v. Bull Moose Tube Co., 197 F.3d 929, 932 n. 6 (8th Cir. 1999)(internal citations omitted).

Regarding Count III, plaintiff argues that the crux of his claim is that the funds from the plans had been commingled since 2005 and were still commingled; that Lilly has knowingly and continuously attempted to distribute commingled funds to plaintiff; that Lilly is the present trustee of Fidelity Account 827; and was acting as such when there was an unexplained removal of funds therefrom. Plaintiff concludes that Lilly's "Motion for Summary Judgment as to Count III of Plaintiff's Second Amended Complaint should be denied." (Docket No. 165 at 4).

Pursuant to Fed. R. Civ. P. 56(c), a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the burden of proof to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324. Summary judgment is a harsh remedy and should not be granted unless the movant "has established

[its] right to judgment with such clarity as to leave no room for controversy." New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977).

In Counts III through VI, plaintiff alleges that Lilly breached various fiduciary duties of ERISA. However, as explained fully in this Court's Memorandum and Order partially granting Defendants' Motion For Summary Judgment, both plans at issue are top hat plans under ERISA, and are therefore almost completely exempt from ERISA's substantive requirements, including fiduciary responsibility. 29 U.S.C. § 1101(a)(1); Emenegger v. Bull Moose Tube Co., 197 F.3d 929, 932 n. 6 (8th Cir. 1999)("Top hat plans are almost completely exempt from 'ERISA's substantive requirements'" including fiduciary duty); Simpson v. Mead Corp., 187 Fed.Appx. 481, 483-84 (6th Cir. 2006) (quoting Senior Executive Benefit Plan Participants v. New Valley Corp. (In re New Valley Corp.), 89 F.3d 143, 148 (3rd Cir. 1996)). Plaintiff can have no other cause of action against Lilly. See Smith v. Provident Bank, 170 F.3d 609, 615 (6th Cir. 1999) (even if the facts of a given case make "an ERISA action [unavailable] against particular defendants, the relief provided by ERISA is the only relief available.") Plaintiff's claims against Lilly in Counts III through VI therefore fail as a matter of law.

In Count VII, plaintiff alleges that Lilly (and other defendants) interfered with his protected ERISA rights, inasmuch as they, inter alia, denied benefits and information, and ultimately constructively discharged him from his position at SLCC. Plaintiff

alleges that the malfeasance occurred from 2004 through 2007. In the instant motion, Lilly alleges, and plaintiff agrees, that Lilly first joined SLCC management in 2009, and that Lilly had no involvement in plaintiff's resignation from SLCC. In addition, plaintiff offers no response to Lilly's arguments concerning Count VII. As noted above, plaintiff was required to come forward with affidavits or other admissible evidence to rebut Lilly's motion. Celotex, 477 U.S. at 324. Because Lilly has established that there are no material facts in dispute and that he is entitled to judgment as a matter of law, and because plaintiff has failed to even attempt to demonstrate that there remain genuine issues for trial, the undersigned concludes that Lilly is entitled to summary judgment in his favor on Count VII.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Stephen D. Lilly's Motion For Summary Judgment (Docket No. 140) is granted.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of defendant Stephen D. Lilly and against plaintiff on Counts III through VII of the Second Amended Complaint.


UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of November, 2013.